# In the United States Court of Federal Claims

No. 18-1686C

(Filed: April 18, 2019)

| | |
|---|---|
| MICHAEL R. BABCOCK, Plaintiff, v. THE UNITED STATES, Defendant. | Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction; Unjust Conviction and Imprisonment; 28 U.S.C. § 1495; 28 U.S.C. § 2513. |

*Michael Robert Babcock*, Kirkwood, Missouri, *pro se* Plaintiff.

*Margaret E. Sheer*, with whom were *Richard E. Zuckerman*, Principal Deputy Assistant Attorney General, and *David I. Pincus*, Chief, Tax Division, Court of Federal Claims Section, U.S. Department of Justice, Washington, D.C., for Defendant.

## OPINION AND ORDER

WHEELER, Judge.

On October 22, 2018, *pro se* Plaintiff Michael Robert Babcock, filed a complaint in this Court against the United States seeking $4.9 million in damages for the eight months he was allegedly unjustly convicted and imprisoned pursuant to 28 U.S.C. § 1495. Before the Court is the Government's motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Court's Rules. For reasons explained below, the Court GRANTS the Government's motion to dismiss.

## Background and Procedure

In November 1994, the United States indicted Mr. Babcock in the Eastern District of Missouri on two counts of willful failure to file federal personal income tax returns for tax years 1992 and 1993 in violation of 24 U.S.C. § 7203. On January 22, 1995, that court

7005 2570 0001 3701 9885

convicted Mr. Babcock on both counts, ordered him to pay restitution, and sentenced him to eight months imprisonment and one year of supervised release. On July 26, 1995, the Eighth Circuit upheld both Mr. Babcock's conviction and sentence which Mr. Babcock served.

In January 2018, Mr. Babcock filed a petition in the Tax Court seeking (1) "redetermination of a deficiency" and (2) redetermination of collection actions for tax years 1990-2017. For the Tax Court to hear Mr. Babcock's deficiency claim, the IRS must first issue a valid notice of deficiency, and he must file his petition within 90 days thereof. To hear his redetermination of collection claim, the IRS must first issue a valid notice of determination. See 26 U.S.C. §§ 6213(a), 7502. The Tax Court dismissed Mr. Babcock's case for lack of jurisdiction because the IRS never issued either of these required notices.

On October 22, 2018, Mr. Babcock filed a complaint (which he amended on January 10, 2019) in this Court seeking damages for unjust conviction and imprisonment under 28 U.S.C. § 1495. Mr. Babcock alleges that the Tax Court's 2018 decision shows that the Government lacked jurisdiction to bring criminal charges against him in the Eastern District of Missouri for his failure to file 1992 and 1993 tax returns. Mr. Babcock claims that he was, therefore, unjustly convicted and imprisoned and is entitled to $4.9 million for lost wages and benefits.

On February 8, 2019, the Government filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).[1] The Government argues this Court lacks subject matter jurisdiction to hear Mr. Babcock's claim because (1) he does not allege, and cannot show, that he is entitled to relief under 28 U.S.C. § 2513, and (2) his action constitutes an improper collateral attack on another court's decision. The matter was fully briefed on March 14, 2019.

## Discussion

### A. Standard of Review

Whether the Court possesses jurisdiction to decide the merits of a case is a "threshold matter." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). In deciding a motion to dismiss for lack of jurisdiction pursuant to Rule 12(b)(1), the Court treats the undisputed factual allegations in the complaint as true and must construe reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). However, the plaintiff bears the burden of establishing subject matter jurisdiction and must do so by a preponderance of the evidence. Id. If the court determines at any time that it does not have subject matter jurisdiction, it

[1] The Government first filed a motion to dismiss Mr. Babcock's complaint on December 20, 2018. The Government then filed a second motion to dismiss after Plaintiff amended his complaint on January 10, 2019.

must dismiss the claim. Gray v. United States, 69 Fed. Cl, 95, 98 (2005); RCFC Rule 12(h)(3).

Courts hold pleadings filed by a *pro se* plaintiff to a less stringent standard and liberally construe language in the plaintiff's favor. Erikson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a *pro se* plaintiff must still prove subject matter jurisdiction by a preponderance of the evidence. See Banks v. United States, 741 F.3d 1268, 1277 (Fed. Cir. 2014) (citing Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988)).

The Tucker Act provides this Court with jurisdiction over "any claim against the United States founded either upon the Constitution or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Although the Tucker Act expressly waives the sovereign immunity of the United States against such claims, it "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). Rather, a plaintiff must identify a "separate source of substantive law that creates the right to money damages" for the Court to exercise jurisdiction over a claim. Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005). The substantive source of law allegedly violated must "fairly be interpreted as mandating compensation by the Federal Government." United States v. Navajo Nation, 556 U.S. 287, 290 (2009) (quoting Testan, 424 U.S. at 400).

B. Plaintiff's Claim Lacks Subject Matter Jurisdiction.

1. Mr. Babcock Bases His Claim on a Misunderstanding of the Meaning of "Jurisdiction".

As a preliminary matter, Mr. Babcock's reading of the Tax Court's 2018 dismissal for lack of jurisdiction misconstrues the meaning of "jurisdiction". In 2018, Mr. Babcock filed claims for redetermination of deficiency and redetermination of collection actions for tax years 1990-2017 in the Tax Court. However, before Mr. Babcock could bring those petitions, the IRS must first issue certain notices. These notices were, therefore, a jurisdictional prerequisite for the Tax Court to hear the specific claim that Mr. Babcock sought to bring. Since the IRS issued no such notices, the Tax Court could not adjudicate Mr. Babcock's claims and dismissed his case for lack of jurisdiction. Plaintiff reads the Tax Court's 2018 decision regarding its lack of jurisdiction to hear Plaintiff's petitions which spanned tax years 1990-2017 to mean that the IRS also had no jurisdiction to act upon his failure to file his 1992 and 1993 tax returns because those returns fell within the 1990-2017 timeframe. By extension, Mr. Babcock claims that the Eastern District of Missouri had no jurisdiction to hear his tax-related prosecution, thus making his conviction and imprisonment unjust.

Whether a court has subject matter jurisdiction to hear a claim depends on "the subject matter of the case." Rhone Poulenc, Inc. v. United States, 880 F.2d 401, 402 (Fed. Cir. 1989). The Tax Court determined that before Mr. Babcock could bring a cause of action for (1) "redetermination of a deficiency" and (2) redetermination of collection actions for tax years 1990 through 2017, the IRS must first issue certain kinds of notices. Since the IRS issued no such notices, the Tax Court could not hear those specific types of claims in Mr. Babcock's 2018 action. The Tax Court's ruling, therefore, stands for nothing more than that Mr. Babcock had not met the jurisdictional requirement for that specific type of case he looked to bring in 2018. That decision says nothing about the Government's ability to prosecute Mr. Babcock for his failure to file tax returns since that earlier case raised an entirely different subject matter which carried its own, unique jurisdictional requirements. Plaintiff, therefore, cannot recover under this theory.

2. Mr. Babcock Improperly Seeks Review of the Eastern District of Missouri's and the Eighth Circuit's Decisions.

The Eastern District of Missouri found Mr. Babcock guilty of two counts of willful failure to file tax returns in 1992 and 1993 and sentenced him to eight months imprisonment. The Eighth Circuit affirmed the judgment and sentence on appeal. Plaintiff's argument that the Eastern District of Missouri lacked subject matter jurisdiction to prosecute him asks this Court to review the district court's and the Eighth Circuit's decision. However, the Tucker Act does not grant this Court the ability to review the decisions of other courts. See, e.g., Vereda, Ltda. v. United States, 271 F.3d 1367, 1375 (Fed. Cir. 2001); Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994). The Court does not have jurisdiction to hear Plaintiff's claim as a result.

3. Mr. Babcock Has Not Alleged and Cannot Demonstrate the Requirements Under 28 U.S.C. § 2513.

Pursuant to 28 U.S.C. § 1495, the Court has "jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 2513 outlines the standard for alleging unjust conviction. A plaintiff must plead and prove two factors, that:

> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction *and*

> (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

§ 2513(a) (emphasis added). Moreover, "[p]roof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received." § 2513(b).

Mr. Babcock does not allege that his conviction was reversed due to actual innocence, that he was found not guilty during a new trial or that he was pardoned. Indeed, the Eighth Circuit affirmed his conviction on appeal. Mr. Babcock also does not furnish the requisite proof outlined in section 2513(b)—he cannot do so because no such proof exists. The Court, therefore, lacks subject matter jurisdiction to hear his claim.

## Conclusion

Based upon the foregoing, the Court GRANTS the Government's motion to dismiss Plaintiff Michael R. Babcock's complaint. The Clerk shall enter judgment in favor of the Government. No costs. Plaintiff's complaint is dismissed without prejudice.

IT IS SO ORDERED.

THOMAS C. WHEELER
Judge